UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IRVIN B. GORDON,

    Plaintiff,

v.                                                        Case No.:      8:10-CV-1480-T-17TGW

TRENT CLARK, et. al.

    Defendants,

_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

THIS CAUSE is before the Court on Defendants Trent Clark, Matthew Moyer, and William Reoling's, Rule 12(b)(6) Motion to Dismiss Plaintiff Gordon's 42 U.S.C. § 1983 civil rights complaint, with Prejudice (Doc. 13); Plaintiff's response to motion to dismiss (Doc. 17); and Defendants' response to Court's order requiring Defendants to address the *Heck v. Humphrey* issue. (Doc. 19). Viewing the facts in the light most favorable to Plaintiff, Defendants' motion to dismiss will be **GRANTED** for the following reasons.

## PLAINTIFF'S ALLEGATIONS

The Complaint in this matter, filed on July 1, 2010, alleges Defendants, in unmarked vehicles, drove behind Plaintiff trying to bump him off his bicycle. Plaintiff claims to have sped up to prevent being run over by a police vehicle, but Detective Moyer made contact with the rear of the bicycle, knocking Plaintiff to the ground. Plaintiff began to run, and within seconds was

1

tackled by Deputy Roeling. Plaintiff was handcuffed and moments later, Detective Moyer and Deputy Clark jumped on Plaintiff's back. Deputy Roeling then deployed his taser. The probes struck Plaintiff in the back. Plaintiff claims Defendants used excessive force against him during Plaintiff's attempt to escape, when Detective Moyer bumped Plaintiff's bicycle with his patrol vehicle and when Deputy Roeling tased Plaintiff subsequent to Plaintiff's being handcuffed.

## DEFENDANTS' ALLEGATIONS

In their Motion To Dismiss, Defendants claim Plaintiff does not provide plausible factual allegations required to state a claim because his allegations are conclusory and lead to unwarranted deductions of fact. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). Defendants also allege that the complaint is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants contend they are entitled to Qualified Immunity.

## STANDARD OF REVIEW FOR RULE 12(b)(6)

The Defendants move to dismiss the complaint, which they argue fails to state a claim. (Doc. 13). On a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., the court must view the allegations of the complaint in the light most favorable to plaintiff, *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003), *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), and accept as true the factual allegations in the complaint and all reasonable inferences. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The factual allegations and reasonable inferences must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), explains that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

"Plausibility" is greater than a mere "possibility," *Iqbal*, 129 S. Ct. at 1950 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).), but less than a "probability." *Iqbal*, 129 S. Ct. at 1949 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

## **HECK-BARRED**

Defendants assert that Plaintiff's claim is barred under *Heck v. Humphrey*. In *Heck*, the Supreme Court stated:

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. at 487.

The Defendants claim that the complaint must be dismissed because the Plaintiff was convicted of Battery on a Law Enforcement Officer and Obstructing or Opposing an Officer with Violence, and that a judgment in favor of Plaintiff would imply that the conviction is invalid. Plaintiff responded by claiming he was not convicted of Obstructing or Opposing an Officer with Violence and that the complaint is not barred by *Heck* because his conviction was also unlawful.[1]

This Court issued an Order on November 26, 2010, directing the Defendants to state the exact charge against the Plaintiff and whether the conviction for that charge was by pleading or jury trial. This Court also directed the Defendants to discuss how *Wells v. Cramer*, 158 Fed.

---

[1] Plaintiff's claim that his conviction is unlawful must be raised in a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.

3

Appx. 203 (11th Cir. 2005) and *Anderson v. Tyus*, 2009 WL 903592 (N.D. Fla. Mar. 30, 2009) apply to the instant case and the *Heck* issue. Defendants' response demonstrated that Plaintiff's conviction was Battery on a Law Enforcement Officer and Obstructing or Opposing an Officer without Violence.

In regard to how *Wells* and *Anderson* apply to the instant case, Defendants state that the § 1983 complaints in these cases were barred by *Heck* because the force being contested by the Plaintiffs was subsequent to the Plaintiff's being detained. Defendants in the instant case claim that the force used in bumping the bicycle the Plaintiff was riding was associated with the Defendants' attempt to prevent the Plaintiff from Obstructing or Opposing an Officer without Violence.

In determining whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction, this Court looks to the holdings in *Wells v. Cramer* and *Anderson v. Tyus*. Both cases consisted of allegations of excessive force after the Plaintiff had been placed in handcuffs. *Anderson*, 2009 WL 903592, at *6, *Wells*, 158 Fed. Appx. at 204. The court established that once the Plaintiff was handcuffed, the resulting force was not in the scope of making the arrest and became a separate set of actions which would not conflict with a conviction for actions prior to the arrest. *Anderson*, 2009 WL 903592, at *6, *Wells*, 158 Fed. Appx. at 204.

Detective Moyer's allegedly bumping Plaintiff's bicycle with his patrol vehicle was force exercised in making the arrest, and if found to be excessive, would imply that the conviction for Obstructing or Opposing an Officer without Violence is invalid. Under *Heck*, a prisoner may not bring a claim for damages under 42 U.S.C. § 1983 "if a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction." 512 U.S. at 487. Where the success in a

4

prisoner's § 1983 damages action would implicitly question the validity of conviction, the litigant must first achieve favorable termination of his available state, or federal habeas opportunities to challenge the underlying conviction. Plaintiff has not done so. Therefore the claim that Detective Moyer violated the Plaintiff's rights by bumping Plaintiff's bicycle is *Heck*-barred.

The alleged force after the Plaintiff was handcuffed might not necessarily imply, under *Heck*, the invalidity of Plaintiff's conviction for Battery. But upon closer review of the facts in light most favorable to the Plaintiff, Plaintiff contends that he was immediately placed in handcuffs after Deputy Roeling tackled him. Plaintiff claims once he was handcuffed Detective Moyer and Deputy Clark arrived within seconds and jumped on Plaintiff; subsequently he was tased. Plaintiff was convicted of Battery on Detective Moyer, Deputy Clark, and Deputy Roeling. Based on the facts as Plaintiff describes them, this is the only plausible time when he could have committed the battery of which he was convicted. Where the success in a prisoner's § 1983 damages action would implicitly question the validity of conviction, the litigant must first achieve favorable termination of his available state, or federal habeas opportunities to challenge the underlying conviction. Plaintiff has not done so. Therefore, his claims have not yet accrued in this Court.

The Court acknowledges that the Defendants have claimed to be entitled to Qualified Immunity and claimed that the Plaintiff's allegations are vague and conclusory, but finds no reason to address the issue because the complaint is barred by *Heck*. Accordingly, it is

**ORDERED** that the Motion To Dismiss (Doc. 13) is **GRANTED,** without prejudice: and The Clerk of Court is directed to close this case.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 6th day of June 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.